UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALVADOR ALVAREZ-LOPEZ,

  Petitioner,

v.

                 Civil No. 12-11952
                 HON. LAWRENCE P. ZATKOFF

REBECCA ADDUCCI, Detroit Field Office
Director, Immigration and Customs Enforcement
and TILMAN CRUTCHFIELD, Sheriff of the
Monroe County Jail, in their official capacities,

  Respondents.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 26, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Salvador Alvarez-Lopez ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and Request for Emergency Stay of Removal on May 1, 2012 (the "Habeas Petition") (Docket #1). On May 16, 2012, the Court issued an Order directing service of the Habeas Petition. The Government filed a response in opposition to the Habeas Petition (Docket #3). Petitioner then filed a reply to the Government's response (Docket #5). On June 19, 2012, the Government *ex parte* requested leave to file a supplement to its prior response (Docket #7). The Court granted the Government's request and will consider the Government's supplement. The Court finds that the facts and legal arguments pertinent to the Habeas Petition are adequately presented in

the parties' filings, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. L. R. 7.1(f)(2), it is hereby ORDERED that the Habeas Petition be resolved on the briefs submitted, without the Court entertaining oral argument. For the reasons set forth below, Petitioner's Habeas Petition is DENIED.

## II. BACKGROUND

Based on the Habeas Petition and Petitioner's attached hand-written Affidavit, he, a native and citizen of Mexico, was born in Mexico on October 2, 1970. In the spring of 1993, Petitioner entered the United States without inspection. At some point in 1994 or 1995, Petitioner and his wife were served at work by immigration officials to appear at an immigration court. In 1999, Petitioner and his wife appeared before an Immigration Judge ("IJ"). The IJ found them deportable but permitted them to voluntarily depart the United States.[1] In effect, if they departed within a specific time period then there would be no final order of removal. According to Petitioner, he and his wife departed within the specified time period, which he believes was three or six months. He made arrangements with his uncle, who was a United States citizen, to drive Petitioner and his wife to Mexico. After six weeks in Mexico, Petitioner and his family illegally crossed the border into the United States near Tijuana. Petitioner and his family returned to Michigan and have remained since.

Recently, Immigrations and Customs Enforcement ("ICE") ascertained that Petitioner was subject to the 1996 order of removal. ICE took Petitioner into custody. On May 1, 2012, Petitioner filed the instant Habeas Petition. He claims that the order of removal that ICE enforced was invalid

---

[1] While ¶ 7 of Petitioner's Affidavit states that he and his wife appeared in early 1999 before the IJ, the Court notes that ¶ 1 of Petitioner's Habeas Petition states that the voluntary departure order was given in either 1994 or 1995. In reality, the IJ's Order establishes that Petitioner and his wife were before the IJ on February 7, 1996.

2

and he is not, or was not, subject to a final order of removal because he voluntarily departed within the specified time. After the Court directed service of the Habeas Petition on the Government, Petitioner was removed to Mexico on May 22, 2012.

### III.  ANALYSIS

**A.  JURISDICTION OF THIS COURT**

The Government asserts that this Court lacks jurisdiction to entertain Petitioner's Habeas Petition on two grounds: (1) Petitioner has been removed and is no longer "in custody" within the meaning of 28 U.S.C. § 2241(c); and (2) the REAL ID Act of 2005 eliminated the Court's ability to review a final order of removal.

*1.  "In custody" Requirement*

The purpose of the habeas corpus statute is to provide relief for persons who are detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is limited to persons that are "in custody." 28 U.S.C. § 2241(c). While Petitioner's removal to Mexico would appear to moot his petition as he is no longer in the custody of ICE, the Court's jurisdiction is determined at the time the Habeas Petition was filed. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (stating that the petitioner need only be "in custody" at the time the petition is filed); *Martinez-Piedras v. I.N.S.*, 354 F. Supp. 2d 1149, 1152 (S.D. Cal. 2005) (stating that the district court does not lose jurisdiction if the habeas petition is filed prior to a petitioner's removal); *Kumarasamy v. Att. Gen.*, 453 F.3d 169, 173 n.7 (3rd Cir. 2006) (noting that the court would have had jurisdiction if the petitioner would have filed his habeas petition prior to his removal).

Petitioner was not removed until after he filed his Habeas Petition. At the time he filed his Habeas Petition, Petitioner was being held by ICE and thus was "in custody." Subsequent to his

removal, he continues to suffer "actual collateral consequences" by being restricted from reentering the United States and reuniting with his family. *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1127 (9th Cir. 2003) ("[T]he case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal."). Thus, Petitioner's removal to Mexico has not mooted his Habeas Petition.

   *2. The REAL ID Act of 2005*

Section 106(a) of The REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231, amended section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, and addresses which federal courts have jurisdiction to review an order of removal. As amended, INA § 242(a)(5) provides in pertinent part:

> (5) EXCLUSIVE MEANS OF REVIEW. . . . including section 2241 of title 28, . . . a petition for review filed with an appropriate *court of appeals* in accordance with this section shall be the *sole and exclusive* means for judicial review of *an order of removal* entered or issued under any provision of this Act . . . .

(emphasis added). The statute further provides that "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 28 U.S.C. §1252(b)(2).

Notably, the Sixth Circuit Court of Appeals, along with numerous other courts, have recognized that the REAL ID Act provides that the *only* court with jurisdiction to review *an order of removal* is the relevant court of appeals. *See Feldman v. Gonzales*, 2005 WL 3113488, at *2 (6th Cir., November 21, 2005) (unpublished)*; Kumar v. Gonzales*, 2007 WL 708628, at *2–3 (W.D. Mich., March 5, 2007). The legislative history of the REAL ID Act supports that interpretation, as

one of the purposes of Section 106 of the REAL ID Act was intended to constitute an "adequate and effective substitute for habeas corpus." *See* Congressional Record, H 2872–73.

Applying the REAL ID Act to this case, it would appear that Petitioner must challenge the final order of removal with the Sixth Circuit Court of Appeals, not this Court. A recent Sixth Circuit decision, however, notes a distinction between challenging "an order of removal" and challenging the existence of a final order of removal. *Casillas v. Holder*, 656 F.3d 273, 276 (6th Cir. 2011). In *Casillas*, an IJ ordered the petitioner removed unless he voluntarily left the United States within two months. *Id.* at 274. Several years later, immigration officers located the petitioner in the United States. *Id.* Assuming that he failed to voluntarily depart, the immigration officers took the petitioner into custody on the basis that the IJ's prior order of removal had become final because the petitioner could not show that he had voluntarily departed. *Id.* The petitioner sought review of the enforcement of the final order of removal in the Sixth Circuit Court of Appeals, claiming that there was no final order because he had voluntarily departed within the time period ordered by the IJ. *Id.* at 274.

The Sixth Circuit held that it lacked jurisdiction over the petitioner's appeal because he was not challenging an "order of removal" as specified in the REAL ID Act; rather, the petitioner was arguing that the final order of removal did not exist because he voluntarily departed. *Id.* at 276. The Sixth Circuit went on to note that the petitioner was not without relief. *Id.* While the Sixth Circuit lacked jurisdiction, it noted that the petitioner could "challenge the existence of a removal order in a § 2241 habeas proceeding in district court." *Id.*

Also in *Casillas*, the Sixth Circuit cited to Third Circuit and Eleventh Circuit decisions that distinguished between challenging an order of removal and challenging the *existence* of an order of

5

removal. The Third Circuit, authoring the first decision to touch on this distinction, disagreed with the government that the REAL ID Act applied, finding that the petitioner was not "seeking review of an order of removal. Rather, he claims that his deportation was illegal because there was no order of removal." *Kumarasamy*, 453 F.3d at 172. The Eleventh Circuit, joining the Third Circuit, held that "a petitioner who contests the very existence of an order of removal does not seek 'review of any order of removal' within the meaning of the REAL ID Act." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1366 (11th Cir. 2006).

In this case, Petitioner is asserting an identical challenge to a final order of removal as raised in *Casillas*, *Madu*, and *Kumarasamy*. Petitioner is not seeking review of the order of removal, which must be challenged in the Sixth Circuit Court of Appeals as provided for in the REAL ID Act. Instead, Petitioner is asserting that he voluntarily departed within the time period specified by the IJ, and thus, there is no final order of removal. As such, *Casillas*, *Madu*, and *Kumarasamy* instruct this Court that it has jurisdiction over Petitioner's challenge to the existence of an order of removal.

### 2.   PETITIONER'S CONSTITUTIONAL CLAIMS

Petitioner asserts "he complied with his voluntary departure order, issued in 1994 or 1995, by turning over the appropriate paperwork to Border Patrol when he departed the United States within the time parameters [specified by the IJ]." Habeas Pet. ¶ 40. According to Petitioner, he is being punished as a result of ICE's inability to prove that he voluntarily departed the United States.

The Court cannot agree with Petitioner's argument. Although Petitioner challenges his detention, and presumably his subsequent removal, his detention is only unlawful if the order of removal was erroneously entered. If the order of removal is valid, so is ICE's action in detaining and removing him. Based on the IJ's February 7, 1996, Order, Petitioner was granted voluntary

departure in lieu of deportation if he departed from the United States by June 7, 1996. If he failed to depart, then Petitioner was ordered to be removed to Mexico. Petitioner has provided the Court with a statement from Jose Lopez Rosas, who states he is Petitioner's uncle. Rosas claims that he took Petitioner and his family to Gaunajuato, Mexico, in December 1996. In addition to Rosas' statement, Petitioner states in his Affidavit that he came before the IJ in 1999, yet argues in the Habeas Petition that he and his wife went before the IJ in 1994 or 1995. None of these dates are consistent with the IJ's Order, and fail to establish that Petitioner voluntary departed within the time specified by the IJ.

While Petitioner contends he departed within the time period specified by the IJ, the documents submitted to the Court by Petitioner make clear that he departed at least five months after the ordered voluntary departure deadline. As such, the IJ's Order became a final order of removal. The subsequent actions by ICE were proper, and the Court rejects Petitioner's challenge to the existence of the final order of removal.[2]

---

[2] Petitioner also raises a procedural due process violation regarding the denial of a "§ 240" hearing before he was removed to Mexico. Petitioner, however, cites to no constitutional provision or legal authority that he was constitutionally entitled to this hearing. As such, the Court also rejects Petitioner's procedural due process violation.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED WITH PREJUDICE (Docket #1).  Judgment shall be entered accordingly.

IT IS SO ORDERED.

                        S/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 26, 2012.

                        S/Marie E. Verlinde
                        Case Manager
                        (810) 984-3290